# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**VALERIE MCCLURE**     **PLAINTIFF**

V.     NO. 3:20-CV-26-DMB-RP

**SAIA MOTOR FREIGHT LINE, LLC,**
**a/k/a SAIA LTL FREIGHT; MARCUS**
**MORROW; and JOHN DOES 1-10**     **DEFENDANTS**

## ORDER

Before the Court is Valerie McClure's "Motion to Transfer Case to Original District Judge." Doc. #13.

## I
## Background

On July 24, 2019, Valerie McClure filed a complaint in the United States District Court for the Northern District of Mississippi against Saia Motor Freight Line, LLC, Marcus Morrow, and John Does 1-10. *See McClure v. Saia Motor Freightline, LLC*, No. 3:19-cv-159, at Doc. #1 (N.D. Miss. July 24, 2019) ("*McClure I*"). The case was randomly assigned to United States District Judge Michael P. Mills. The complaint alleged that on April 11, 2019, a tractor trailer owned by Saia and operated by Morrow negligently struck and injured McClure's left calf and ankle while she, Matthew Brawley, Tracey Coates (Brawley's mother), and Derek Wilson (Coates' brother) were attempting to repair McClure's disabled car on Highway 78 in DeSoto County, Mississippi, and that the tractor trailer also struck and killed Brawley. *Id.* at 2–4, 4–7.

On September 9, 2019, McClure filed a notice of voluntary dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Id.* at Doc. #6. The next day, Judge Mills ordered the case dismissed without prejudice. *Id.* at Doc. #7.

On January 23, 2020, approximately four months after the dismissal without prejudice of *McClure I*, McClure filed this action in the United States District Court for the Northern District of Mississippi against Saia, Morrow, and John Does 1-10 ("*McClure II*"). Doc. #1. This action was randomly assigned to the undersigned district judge. Similar to the complaint in *McClure I¸* the complaint alleges that on April 11, 2019, a tractor trailer owned by Saia and operated by Morrow negligently struck and injured McClure while she, Matthew Brawley, Tracey Coates, and Derek Wilson were repairing McClure's disabled car on Highway 78 in DeSoto County, Mississippi. *Id.* at 2–5, 7–10. The complaint also alleges that the tractor trailer killed Brawley. *Id.* at 5. Saia and Morrow answered the complaint on February 17, 2020, Doc. #6, and they filed an amended answer on March 9, 2020, Doc. #9.

On March 31, 2020, McClure filed a "Motion to Transfer Case to Original District Judge." Doc. #13. Citing Local Rule 42, McClure argues that *McClure II* "was originally filed as Cause No. 3:19-CV-159, and voluntarily dismissed by the plaintiff, without prejudice," and that it "should be transferred to Judge Mills who was the original District Judge assigned to Cause No. 3:19-CV-159." *Id.* at 1. Saia and Morrow filed a response on April 3, 2020, stating simply that "although Defendants do not oppose the Motion, Defendants cannot endorse the Motion, either. Accordingly, Defendants respectfully defer to the Court's discretion in deciding whether to grant or deny the Motion." Doc. #16.

On April 1, 2020, Saia and Morrow, pursuant to Federal Rule of Civil Procedure 42(a), filed a motion to "consolidate [*McClure II*] with a substantially related action, *Tracy Coates v. Saia Motor Freight Line, LLC, a/k/a Saia LTL Freight, et al.,* Case No. 3:20-cv-025-DMB-RP (N.D. Miss., filed Jan. 23, 2020), or, alternatively, join such cases for pretrial discovery." Doc.

#14. On April 7, 2020, this Court, after granting a motion to consolidate in the *Coates* case[1] (which consolidated the *Coates* case, *McClure II*, and another related case), terminated as moot Saia and Morrow's motion to consolidate in this case. Doc. #18.

## II
## Analysis

Local Rule 42[2] provides in full:

> **CONSOLIDATION OF ACTIONS.** In civil actions consolidated under FED.R.CIV. P.42(a), the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date. A dismissal of the action bearing the lower or lowest number before the hearing on a motion to consolidate will not affect the operation of this rule. The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried.

By its express language, Local Rule 42 applies to *consolidated* civil actions. *McClure I* was never consolidated with any other case and, therefore, does not fall within the ambit of the rule. Accordingly, McClure's motion to transfer will be denied.

## III
## Conclusion

McClure's "Motion to Transfer Case to Original District Judge" [13] is **DENIED**.

**SO ORDERED**, this 9th day of April, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] *See Coates*, No. 3:20-cv-25, at Doc. #30.

[2] The Local Civil Rules were amended effective December 1, 2019. *McClure I* was commenced before then on July 24, 2019. Because the amendments did not include any changes to Local Rule 42, the text of Local Rule 42 in effect at the time *McClure I* was filed is the same as that in effect after December 1, 2019.